## State of Vermont v. Lawrence H. Lambert

[499 A.2d 761]

No. 84-342

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed July 19, 1985

*Robert M. Butterfield*, Caledonia County Deputy State's Attorney, St. Johnsbury, for Plaintiff-Appellee.

*Alexandra N. Thayer*, East Hardwick, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of driving while under the influence of intoxicating liquor, 23 V.S.A. § 1201, and sentenced to serve from three to six months with all but 20 days suspended. He appeals (1) the trial court's denial of his motion to suppress evidence obtained as a result of the stop of his vehicle, and (2) the sentencing court's consideration of one of his two prior convictions. We affirm.

Shortly after midnight, in the morning of April 23, 1983, de-

fendant's wife telephoned the Hardwick Police Department seeking its help in locating her husband, daughter, and two young grandchildren, who were late in arriving from Connecticut by car. Defendant's wife told the police that another daughter had telephoned from the point of departure in Connecticut to convey a message from the daughter traveling with defendant. That daughter's message said, in effect, that they were in the White River Junction area, defendant was drunk, and she didn't want to ride with him any more. Defendant's wife gave the officer a description of the car, the license plate number and the names of the occupants. Within 35 minutes, the officer, who did not know defendant personally, spotted the vehicle in Hardwick and stopped it.

## I.

Defendant has challenged neither the officer's grounds to request that defendant submit to a breath test after he observed defendant, nor any aspect of the DUI processing. The only contested issue is the officer's initial grounds for stopping the vehicle.

Defendant asserts that the officer, lacking personal knowledge and observing no erratic behavior before the stop, based the stop solely on thirdhand hearsay. Defendant argues that thirdhand hearsay is inherently unreliable and cannot provide the *facts* necessary to form the basis for the reasonable and articulable suspicion prerequisite to any warrantless stop. Defendant claims a police informant must have personal knowledge of such facts.

In cases after *Terry* v. *Ohio*, 392 U.S. 1, 21 (1968), police intrusions have been permitted when "specific and articulable facts . . . , taken together with rational inferences from those facts, reasonably warrant that intrusion." This rule includes vehicle stops. A brief detention, its scope reasonably related to the justification for the stop and inquiry, is permitted in order to " 'investigate the circumstances that provoke suspicion.' " *Berkemer* v. *McCarty*, 468 U.S. 420, 439, 104 S. Ct. 3138, 3150 (1984) (quoting *United States* v. *Brignoni-Ponce*, 422 U.S. 873, 881 (1975)); see also *Adams* v. *Williams*, 407 U.S. 143 (1972) (information can come from credible informant's tip).

We agree with the trial court that the officer had a sufficient basis to make an investigative stop. *Adams, supra.* In attempting to determine whether a stop is justified, "the totality of

the circumstances — the whole picture — must be taken into account." *United States* v. *Cortez*, 449 U.S. 411, 417 (1981) (requiring "particularized and objective basis for suspecting the particular person"). Having been given, by defendant's wife, detailed information showing a concern for the safety of defendant and others, as well as a reasonable basis to suspect that defendant may indeed have been driving while intoxicated in White River Junction, the officer was justified in detaining defendant briefly, 35 minutes after being called, in order to investigate further. Thus, we disagree with defendant's assertion that there were no specific articulable facts on which to justify the stop.

*United States* v. *Dunbar*, 470 F. Supp. 704 (D. Conn. 1979), cited by defendant, is factually and legally distinguishable. There an officer stopped the car merely because he thought the driver was lost, and then conducted a search of the car. Thus, not only was there no basis to suspect criminal behavior, as in *Terry*, *supra*, but the resulting search also exceeded any reasonable scope. *Berkemer*, *supra*.

## II.

Defendant's second claim is that, in setting sentence, the court improperly considered a 1967 DUI conviction as evidence.* Submitting an affidavit from the clerk of public records, which stated that no reporter's notes of a plea change and sentencing hearing involving defendant on March 6, 1967, had been found, defendant contends that, therefore, the guilty plea was obtained without a voluntary and knowing waiver of his constitutional rights, in violation of *Boykin* v. *Alabama*, 395 U.S. 238, 242 (1969) (" 'Presuming waiver from a silent record is impermissible.' ") (quoting *Carnley* v. *Cochran*, 369 U.S. 506, 516 (1962)).

A reading of the transcript of the sentencing in this case indicates that the judge accepted defendant's argument for suppression of the prior conviction, and suppressed the 1967 conviction,

---

* The date of the offense having preceded amendments to the penalty provisions for DUI, establishing incremental enhancements to DUI sentences for repeat offenses, effective July 1, 1984, 23 V.S.A. § 1210(b)-(d) (Supp. 1984), defendant's behavior was punishable only under the former 23 V.S.A. § 1210(a), which provided:

> (a) A person who violates a provision of this subchapter shall be fined not less than $125.00, nor more than $500.00, or imprisoned for not more than one year, or both.

although he never explicitly said so in meting out sentence. The sentence fell well within the parameters of 23 V.S.A. § 1210(a).

However, assuming that the judge rejected defendant's argument and considered the prior conviction, defendant nevertheless failed sufficiently to present a claim justifying reversal. Defendant has never directly challenged the validity of the 1967 conviction. He did not supply a record of docket entries in the 1967 case either to the trial court or to this Court. Thus, we cannot determine whether or not the court in 1967 noted on its docket that a waiver of rights had been made by defendant, compare *State* v. *Summers*, 3 Ohio App. 3d 234, 444 N.E.2d 1041 (Ct. App. 1981) (file contained signed form indicating defendant had been informed of his rights); nor can we ascertain, on the record supplied by defendant, whether the plea change in fact took place on the asserted date. Testifying at sentencing in the present case, defendant stated that he was assisted by counsel in 1967; he did not testify to any deficiencies or omissions in that proceeding. In short, defendant has presented nothing—neither docket sheet nor transcript—to permit the court to make a finding regarding the validity of his 1967 plea. The State's ultimate affirmative duty to establish the validity of a plea does not excuse defendant's insufficient effort to come forward on his claim. Suppression of evidence of a conviction is not required where defendant has made an insufficient effort to bring that record to the court's attention, and where defendant's own testimony is insufficient to suggest the existence of any defect.

*Affirmed.*