# State of Vermont v. Weston C. Boardman

[531 A.2d 599]

No. 86-153

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Costello, D.J. (Ret.), and Martin, Supr. J., Specially Assigned

Opinion Filed July 2, 1987

*William J. Porter* and *Shelley Ann Hill*, Windsor County Deputy State's Attorneys, White River Junction, for Plaintiff-Appellee.

*William J. Donahue*, White River Junction, for Defendant-Appellant.

230

**Martin, Supr. J.**, Specially Assigned. Defendant Weston C. Boardman appeals his conviction, after a jury trial, of operating a motor vehicle upon a public highway while under the influence of intoxicating liquor. 23 V.S.A. § 1201(a)(2). We affirm.

The appeal presents three issues for review. Defendant claims (1) the investigating officer did not have sufficient cause to stop his vehicle and require him to perform roadside sobriety tests; (2) the trial court erred in admitting into evidence his admission that he had "a couple drinks"; and (3) a jury could not reasonably conclude he was impaired beyond a reasonable doubt on the basis of all the evidence.

The evidence viewed in the light most favorable to the prosecution, *State v. Broe*, 146 Vt. 135, 137, 498 A.2d 1039, 1040 (1985), reveals the following facts. At 1:30 A.M., on September 29, 1985, the investigating officer came up behind a motor vehicle being driven by defendant in a westerly direction on U.S. Route 4 in the Town of Hartford. For a tenth of a mile, the officer observed defendant's vehicle crossing the centerline of the highway three or four times. The officer turned on his blue light and siren and pursued defendant's vehicle for another 1.2 miles. During this pursuit, defendant's vehicle weaved over the centerline numerous times. Defendant finally came to a stop by pulling off the road and parking his vehicle in an unusual fashion.

During the initial investigatory stop, the officer detected a strong odor of alcohol on defendant's breath and noted that his eyes were bloodshot, his speech was slurred and his balance was poor. Defendant failed to perform two dexterity tests satisfactorily. When asked if he had been drinking, defendant said he had had "a couple drinks."

The investigating officer concluded that defendant was under the influence of intoxicating liquor and took defendant to the Hartford Police Station for DWI processing. After defendant was advised of his *Miranda* rights, at the police station, he chose to exercise his right to remain silent and refused to answer any further questions. He did consent to a breath test, and the results were between .18 and .19 percent when related back to the time he was driving. Defendant was released pending the return of the breath test result, and he was issued a citation to appear in court on December 10, 1985, on a charge of driving while intoxicated. The entire DWI processing was videotaped with defendant's knowledge, and the tape was introduced at trial.

## I.

██ Defendant contends that the investigating officer did not have sufficient cause to stop his motor vehicle and require him to perform roadside dexterity tests. As defendant aptly points out, the law is well settled that the stopping of an automobile, even for a brief time, constitutes a seizure under the Fourth Amendment to the United States Constitution. *Delaware* v. *Prouse*, 440 U.S. 648 (1979); *State* v. *Phillips*, 140 Vt. 210, 436 A.2d 746 (1981). However, to justify a legal investigatory stop under the *Prouse* standard, a police officer need have no more than an articulable and reasonable suspicion that a motor vehicle violation is taking place. *State* v. *Hewey*, 144 Vt. 10, 13, 471 A.2d 236, 238 (1983); see also *State* v. *Jewett*, 146 Vt. 221, 500 A.2d 233 (1986). The facts of this case clearly give rise to an articulable and reasonable suspicion that defendant was operating his motor vehicle while intoxicated. The officer observed defendant crossing the centerline on numerous occasions during pursuit, and defendant failed to stop for more than a mile even though the officer had turned on his blue light and siren. Given defendant's erratic operation of his motor vehicle, we conclude that the stop was valid and that the officer's request for dexterity tests was justified.

## II.

██ In response to the investigating officer's questioning at the scene of the stop, defendant told the officer that he had consumed "a couple drinks." Defendant contends that his statement should have been suppressed because his admission was made before he had been advised of his *Miranda* rights. *Miranda* v. *Arizona*, 384 U.S. 436 (1966). Defendant's argument is unavailing. In a similar case involving an admission of consuming two beers, the United States Supreme Court held in *Berkemer* v. *McCarty*, 468 U.S. 420 (1984), that a roadside interrogation during a routine traffic stop does not constitute "custodial interrogation" for the purposes of the *Miranda* rule. In the case before us the stop was routine and the detention was brief. Only one officer was involved, and the interrogation was conducted on a public highway where the atmosphere was substantially less "police dominated" than the types of interrogation addressed in *Miranda* and subsequent cases where *Miranda* has been applied. See *State* v. *Hohman*, 136 Vt. 341, 392 A.2d 935 (1978).

We find nothing in the record to indicate that defendant was taken into custody for the purposes of *Miranda* until he was brought to the police station for DWI processing.

### III.

Defendant's contention that a jury could not reasonably conclude he was impaired has no merit. On the basis of all the evidence in the record, including the officer's observations of defendant and the blood alcohol level related back to the time defendant was driving, we find no error in the jury's conclusion that the defendant was guilty of operating a motor vehicle while under the influence of intoxicating liquor.

*Affirmed.*