# State of Vermont v. Peter Sequin

[569 A.2d 475]

No. 85-527

Present: Allen, C.J., Peck, Dooley and Morse, JJ., and Springer, D.J. (Ret.), Specially Assigned

Opinion Filed November 9, 1989

*Edward D. Sutton,* Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Walter M. Morris, Jr.,* Defender General, and *Henry Hinton,* Appellate Defender, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant appeals his conviction of driving while under the influence of intoxicating liquor, third offense. We affirm.

At issue on appeal is whether defendant's waiver of trial by jury is constitutionally flawed. V.R.Cr.P. 23(a) provides that "[t]he defendant may in a signed writing or in open court, with the consent of the prosecuting attorney and the court entered of record, waive a jury trial in offenses not punishable by death or imprisonment in the state prison."

Defendant and his attorney signed a form waiving the right to a jury trial on May 27, 1985. The prosecuting attorney signed the form on June 4, 1985; the trial judge's signature is not dated. The authenticity of these signatures is not at issue. However, the record does not reflect defendant's oral waiver in open court. Defendant's supplemental brief states that before and after briefs were filed in this appeal, counsel for defendant reviewed the trial court file and failed to discover the waiver form.

Counsel for the State sent defendant's counsel a copy of the waiver form, and moved to add the form to the record on appeal. The motion was granted. In correspondence with the clerk of this Court in response to the motion to correct the record, the trial court clerk stated that the waiver had been part of the original file, and should have been included with the documents forwarded on appeal. Defendant contends that the waiver is ineffective unless the record indicates clearly that the form was filed before trial. Alternatively, defendant argues that he did not relinquish his right to a trial by jury, absent an oral waiver in open court. The State insists that the requirements of a knowing, intelligent, and voluntary waiver of defendant's right to a jury trial have been met, and that the error, if any, is harmless.

■ Trial by jury in a criminal case is an individual right which may be waived. United States Constitution, Amendment VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury . . . ."); Vermont Constitution, Chapter I, Article 10 ("in all prosecutions for criminal offenses, a person hath a right to . . . a speedy public trial by an impartial jury"). Chapter I, Article 10 also specifies the procedure to be followed when a defendant waives that right, stating that "the accused, with the consent of the prosecuting officer entered of record, may in open court or by a

writing signed by him and filed with the court, waive his right to a jury trial." Vermont Rule of Criminal Procedure 23(a) adds a requirement that the consent of the court be entered of record. See, e.g., *State v. Coita*, 153 Vt. 18, 20, 568 A.2d 424, 425 (1989).

■ Defendant argues that the waiver in this case is invalid because the record does not disclose a knowing, intelligent, voluntary release. Specifically, defendant asserts that the lack of any dialogue between the defendant and the trial judge on this issue renders the waiver invalid. This Court held to the contrary in *State v. Conn*, 152 Vt. 99, 102–03, 565 A.2d 246, 248 (1989). *Conn* held that while such a colloquy on the record is preferable and desirable, it is not constitutionally compelled. *Id.* "[A] written waiver signed by the defendant and counsel, which shows an understanding of the right to be waived, is sufficient to establish a prima facie effective waiver." *Id.* at 103, 565 A.2d at 248. Where, as here, the record is devoid of any evidence implying that defendant's written waiver was not knowing, intelligent, and voluntary, the lack of an on-the-record colloquy is insufficient to void the waiver and require reversal.

Defendant cites *State v. Ibey*, 134 Vt. 140, 352 A.2d 691 (1976), to support the argument that the waiver is invalid. *Ibey* held that "it must affirmatively appear from a writing signed by the defendant, or from the oral record made in open court, that the defendant personally indicated, understandingly, his desire to waive a trial by jury." *Id.* at 141, 352 A.2d at 692. In *Ibey*, there was neither an oral waiver in open court nor a written waiver. *Id.* Here, defendant executed, with his attorney, a written waiver before trial. The prosecutor and the judge also signed the form. Defendant makes no claim that the signatures are not authentic, or that he did not understand the significance of the form at the time he signed it.

■■ Defendant also maintains that the waiver is ineffective because it was not filed before trial. There is no requirement of pretrial filing in our Constitution or in V.R.Cr.P. 23(a). Defendant and his attorney signed the form two months before the trial, and correspondence from the trial court indicates that the form was part of the original file. Customarily, the determination of whether a waiver of a constitutional right is know-

ing, intelligent, and voluntary will depend on the particular facts and circumstances of the case. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938). Here, there is no indication that a clerical error, if any, had any effect on defendant's ability to understand and relinquish his right to a trial by jury. Rule 23(a) is intended to guard against silent abandonment of fundamental constitutional rights; the requirement of an oral or written waiver ensures that a defendant knowingly, intelligently, and understandingly relinquished his right to a jury trial. Defendant in this case had the assistance of counsel, and has made no showing that he did not read and understand the form that he signed. There is no error.

*Affirmed.*