# State of Vermont v. Thomas J. Sullivan

[578 A.2d 639]

No. 86-455

Present: Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.

Opinion Filed April 27, 1990

Motion for Reargument Denied June 14, 1990

*Dale O. Gray*, Caledonia County State's Attorney, St. Johnsbury, and *Jo-Ann Gross*, Department of State's Attorneys, Montpelier, for Plaintiff-Appellee.

*Rexford & Kilmartin*, Newport, for Defendant-Appellant.

**Morse, J.** Defendant appeals a conviction for failing to tag a deer in violation of 10 V.S.A. App. § 2b, a regulation of the Vermont Fish and Wildlife Board. We affirm.

On November 16, 1985, in response to a telephone call reporting defendant as a lost hunter, a police officer along with two game wardens began searching for defendant. After speaking with defendant's neighbors and consulting a topographical map of the area, they located defendant by sounding a siren and using a loudspeaker in the area where he usually hunted. Defendant had in his possession an untagged deer and consequently was charged with violating 10 V.S.A. App. § 2b, which stated at the time of the offense in relevant part:

> A person who takes a deer in open season shall immediately affix the locking tag securely to the deer by locking the tag through the hock or gambrel joint in such a manner to prevent removal. The tag shall remain on the carcass during possession and transportation until the deer is cut up for consumption.

## I.

Defendant objected to the trial court taking judicial notice of § 2b, because as a regulation it was not authenticated by

1 V.S.A. §§ 4 and 60 (published statutes certified authentic by the chairman of the Statutory Revision Commission are admissible in all Vermont courts as prima facie evidence of the law).

Even if we accept defendant's argument that the regulation in issue was not covered by the certificate of authentication because it was contained in an appendix to Title 10, defendant never properly put in issue whether the regulation was authentic, whether it was properly promulgated pursuant to the Administrative Procedure Act, 3 V.S.A. §§ 801–849, or whether it was within the power of the Board to promulgate, 10 V.S.A. § 4082. Moreover, V.R.Cr.P. 26.1(a) provides in pertinent part:

> The court, in determining [a regulation], may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Vermont Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

For the first time, on appeal, defendant claims the State failed to produce a copy of § 2b properly certified by the Secretary of State, thereby meeting the requirement of 3 V.S.A. § 113 (Secretary of State's duly certified copies of recorded documents shall be competent evidence in court). We express no opinion on whether § 113 applies. This purported ground for challenging the authenticity of § 2b was waived because defendant did not raise it in the trial court. *State v. Schmitt*, 150 Vt. 503, 506 n.*, 554 A.2d 666, 668 n.* (1988) ("all issues must be timely raised in order to preserve them for appeal").

Defendant also contends that he was not given notice of the State's intent to rely on § 2b as required by V.R.Cr.P. 26.1(a) ("party who intends to raise an issue concerning an administrative regulation of any agency of this state . . . shall give reasonable written notice"). This contention is without merit since the charging document itself cites § 2b as the law defendant violated.

Finally, defendant argues V.R.E. 201 (judicial notice of adjudicative facts) was violated. Rule 201, however, has no bearing on a determination of law and applies exclusively to "proposi-

tions pertaining to the particular events which give rise to the lawsuit." Reporter's Notes, V.R.E. 201.

## II.

■ Defendant next asserts that the "Vermont Uniform Fish and Game Information" failed to adequately inform him of the elements of the offense he allegedly committed. Defendant's position is without merit. The description of the charge was "Failure to Tag Deer" and referenced 10 V.S.A. App. § 2b. The facts showed that defendant shot a deer and did not affix a tag. We perceive no impediment to preparing a defense by the absence of more detail in the charging document. The information set forth the charge with particularity, reasonably indicating to defendant the exact offense he was charged with and enabling him to intelligently prepare his defense. *State v. Conn*, 152 Vt. 99, 105, 565 A.2d 246, 249 (1989); *State v. Christman*, 135 Vt. 59, 60, 370 A.2d 624, 625 (1977).

## III.

■ Defendant also takes issue with the information charging him with committing the offense at 7:50 p.m. when it was obvious that he shot the deer hours before. Defendant's evidence was that the deer was taken and reduced to possession some two hours and fifty minutes before the warden arrested him. Defendant admitted to the warden that he had shot the deer but had not tagged it because he was concerned that the tag might fall off during transport. Fish and Game Regulation § 2b required defendant to tag the deer "immediately" upon taking and to keep the tag "on the carcass during possession and transportation until the deer is cut up for consumption." 10 V.S.A. App. § 2b. The time on the ticket indicated the hour when the game warden apprehended defendant in possession of a dressed deer without a tag. At the time the warden observed defendant, defendant was acting in violation of the regulation. All the State had to prove was that the deer was not tagged when defendant was charged with violating the regulation. *Id.*

## IV.

■ The trial court instructed the jury that knowledge of the

criminal character of the offense or an intent to break the law was not relevant to guilt. In other words, the court charged that violation of the tagging regulation was a strict liability offense. Defendant would have us believe that the State had to prove that he knew he possessed a hunting license, knew he possessed deer tags, knew how to affix the tag, and knew the anatomy of the deer well enough to follow the regulation's instruction to "lock the tag through the hock or gambrel joint." This is simply not the case.

The mandatory conduct required by the regulation includes no mental element imparting consciousness of guilt, and the trial court stated this properly in its instructions to the jury. *State v. Conn*, 152 Vt. at 99, 565 A.2d at 249; see *State v. Roy*, 151 Vt. 17, 25, 557 A.2d 884, 889–90 (1989) (lists factors for court to consider to determine whether Legislature intended strict liability). Here, the words make plain that the Board chose to criminalize the act of failing to immediately tag a deer. See, e.g., *State v. Kerr*, 143 Vt. 597, 605, 470 A.2d 670, 674 (1983) (strict liability offense to carry a firearm during a felony).

## V.

Defendant faults the trial court for its failure to instruct the jury on the necessity defense. This Court has included three elements as among those required to establish the defense of necessity,—specifically, an emergency situation arising without fault of the defendant, presenting no reasonable opportunity to avoid injury without committing the crime, and imminent injury sufficiently serious to outmeasure the criminal conduct. *State v. Warshow*, 138 Vt. 22, 24, 410 A.2d 1000, 1001–02 (1979).

Each of these elements was absent. Defendant claimed he did not affix the tag to the deer because he thought it would become dislodged during the journey from the woods to the road. In other words, defendant committed the offense so that he would not run a risk of losing the tag and, consequently, be charged with the offense. Defendant's own conduct of shooting the deer—not an emergency situation—gave rise to the obligation to tag the deer. Apart from the uncontradicted evidence

that defendant did not even tag the deer when the deer was brought to the road, the court correctly found the necessity defense inapplicable to the facts of this case. The crime committed was not outmeasured by the crime avoided.

*Affirmed.*