**STATE of Vermont v. Michael METIVIER**

[596 A.2d 352]

No. 88-525

July 9, 1991. Defendant appeals from a conviction of felony possession of cocaine. 18 V.S.A. § 4224 (f)(1)(A). He claims that the trial court's jury instructions were flawed because they stated that coca leaves or substances neither chemically nor physically distinguishable from them are narcotic substances. He also claims he should be granted a new trial because the State did not prove that such substances are, in fact, regulated narcotic drugs. We affirm.

The crux of defendant's argument is that pursuant to the clear language of 18 V.S.A. § 4201(16) only substances designated as narcotic drugs by regulations adopted by the Board of Health are narcotic drugs and that because the State did not introduce the regulations adopted by the Board of Health at trial, it did not prove that cocaine is a regulated substance. The argument is without merit.

First, we disagree that in order to constitute a narcotic drug, a substance must be designated as such by the Board of Health regulations. Title 18, § 4201(16) defines a narcotic drug as

> opium, coca leaves, pethidine (isonipecaine, meperidine), and opiates or their compound, manufacture, salt, alkaloid, or derivative, and every substance neither chemically nor physically distinguishable from them, *and* preparations containing such drugs or their derivatives, by whatever trade name identified and whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis, as the same are so designated in the regulations adopted by the board of health under section 4202 of this title.

(Emphasis added.) Defendant contends that the last clause modifies the entire section, and that, therefore, even those substances explicitly included in the statute are narcotic only if listed in regulations adopted

by the Board of Health. A more sensible reading of the statute is that the clause modifies "preparations containing such drugs." Any other interpretation renders superfluous the initial inclusion of particular drugs. Here the State proved that defendant possessed a substance neither chemically nor physically distinguishable from a derivative of coca leaves. The statute clearly states that such substances are narcotic drugs.

Even if we accepted defendant's interpretation of the statute, reversal would not be required. The regulations list coca leaves, their derivatives or substances neither chemically nor physically distinguishable, as narcotic substances, and the State was not required to prove the Board of Health regulations as an element of the crime. Although the identity of a particular substance is a question of fact for the jury to decide, whether a particular substance is one which the legislature has decided to regulate is a question of law to be determined by the court interpreting the relevant statute. See *Commonwealth v. McKetta*, 469 Pa. 223, 227, 364 A.2d 1350, 1352 (1976) (whether Ritalin was a dangerous drug regulated by the legislature was a question of law for the court to determine); *State v. Beck*, 114 R.I. 74, 76–77, 329 A.2d 190, 192 (1974) (whether cannabis is a narcotic drug was a question of law for the trial court to decide). In deciding the question, the trial court was not only permitted but, in fact, required to take judicial notice of domestic law, including state administrative regulations. E. Cleary, McCormick on Evidence § 335, at 939 (3d ed. 1984); see V.R.Cr.P. 26.1(a) (in determining an issue concerning an administrative regulation, the trial court may consider any relevant material or source "whether or not submitted by a party or admissible under the Vermont Rules of Evidence"); *State v. Sullivan*, 154 Vt. 437, 438–39, 578 A.2d 639, 640 (1990) (where defendant did not put into issue whether a regulation was properly promulgated, or whether the Vermont Fish and Wildlife Board had authority to promulgate it, the trial court did not err in taking judicial notice of the regulation). The court correctly determined that coca leaves, their derivatives and substances neither chemically nor physically distinguishable from them, are narcotic drugs and, therefore, regulated drugs. Having made that determination, it was required to charge the jury that, in order to convict defendant, it must conclude beyond a reasonable doubt only that the substance defendant possessed was, in fact, either coca leaves, their derivative or a substance neither chemically nor physically distinguishable from them. The charge adequately informed the jury of its obligation.

*Affirmed.*