**In re S.T., Juvenile**

[641 A.2d 120]

No. 93-364

March 31, 1994. The juvenile S.T. appeals from the decision of the Addison Family Court denying his motion to suppress and adjudging him delinquent pursuant to 33 V.S.A. § 5526. We reverse and remand.

On the night of January 16, 1993, R.W., S.T.'s uncle and the local town constable, received a call asking him to come pick up his nephew. The caller reported that S.T. had been drinking. R.W. drove to the caller's house, but S.T. was not there, so he set out to search for his nephew. Unable to find S.T. and concerned about the cold weather, R.W. telephoned the state police to indicate that he might require assistance in his search. The trooper to whom he spoke agreed to help in the search once she attended to a few existing complaints. Just prior to her conversation with R.W., the trooper had spoken with a local resident who complained that S.T. was one of a group of young men involved in an altercation with her husband. As a result, when R.W. called to say that he had found S.T., the trooper asked that S.T. be brought to a restaurant to be questioned about the complaint. R.W. agreed to do so, first questioning S.T. about possible drinking because the boy appeared quite groggy, had bloodshot eyes and an odor of alcohol about him. At the restaurant, the trooper questioned S.T. in her cruiser; she too noticed that S.T. smelled of alcohol and had bloodshot eyes. In response to the trooper's question, S.T. admitted that he had consumed a couple of beers during the evening, but would not tell her where or from whom he had obtained the alcohol.

Prior to trial, S.T. moved to suppress all evidence stemming from his conversation with the trooper because he was never given *Miranda* warnings; he renewed this motion at the close of evidence. Following a recess, the court denied the motion, ruling that the conversation "was not custodial interrogation, it was an investigative detention and there's no need for *Miranda*, no need for the warnings." This statement represents the whole of the court's findings and conclusions on the motion. The juvenile argues that the findings are inadequate, and we agree.

Criminal Rule 47(c) requires that when "factual issues are involved in

determining a motion, the court shall state its essential findings on the record." This rule applies to juvenile delinquency proceedings. V.R.F.P. 1(a)(3). Its import is to require the court to state "the reasons for its decision." Reporter's Notes, V.R.Cr.P. 12(d) (predecessor to V.R.Cr.P. 47(c)).

We agree with the court's suggestion that an investigative detention does not require the giving of *Miranda* warnings. See *State v. Willis*, 145 Vt. 459, 475, 494 A.2d 108, 117 (1985) ("A brief detention or *Terry* stop (*Terry v. Ohio*, 392 U.S. 1 (1968)) . . . does not require *Miranda* warnings."). The legal validity of S.T.'s admission to the trooper rests then on whether S.T. was merely detained, or was, in fact, in police custody at the time of his admission. We explored a similar situation in *State v. Lancto*, 155 Vt. 168, 171, 582 A.2d 448, 449 (1990), in which the trial court found that questioning in a police cruiser at the scene of the accident was not custodial interrogation. In that case, we upheld the trial court's determination "that a reasonable person would have believed that he or she was free to leave or to refuse to answer questions." *Id.*

In this case, although the basic facts were not disputed, the inferences to be drawn were very much in dispute. In S.T.'s view, R.W. was acting as a constable and took S.T. into custody to allow for interrogation by the trooper, which occurred in a custodial setting. In the State's view, R.W. acted merely as S.T.'s uncle and was helping S.T., and the questioning by the trooper was a brief investigative detention.

Unlike *Lancto*, we have none of the underlying findings that would distinguish between the parties' characterizations of the facts. Specifically, we have no findings on the role of R.W. or on whether a reasonable person in S.T.'s position would have felt free to leave. Thus, we are left to speculate as to the grounds for the court's conclusion that there was no custodial interrogation. This we will not do. See *State v. Kennison*, 149 Vt. 643, 648, 546 A.2d 190, 193–94 (1987) ("'When this Court is left in a position where it must speculate as to the basis upon which the trial court reached its decision, we will refuse to so speculate.'") (quoting *Roy's Orthopedic, Inc. v. Lavigne*, 142 Vt. 347, 350, 454 A.2d 1242, 1244 (1982)), *cert. denied*, 486 U.S. 1011 (1988). Without findings on the relevant factors, the court has failed to meet the requirements of V.R.Cr.P. 47(c).

At trial, and at the disposition hearing, S.T. also contended, and on appeal the State conceded, that the family court was improperly constituted due to the participation of the assistant judges in this matter. Cf. *Soucy v. Soucy Motors, Inc.*, 143 Vt. 615, 619–20, 471 A.2d 224, 226–27 (1983). We agree that the participation of the assistant judges was improper but, because we reverse and remand, do not decide whether that participation made the judgment order void, as the juvenile argues.

*Reversed and remanded.*