■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES L. BENN, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered March 5, 1971, convicting him of attempted assault in the second degree, upon a plea of guilty, and sentencing him to a maximum prison term of three years. Judgment modified, in the interests of justice, by changing the sentence to a period of probation of five years (Penal Law, § 65.00, subd. 3, par. [a]), under the conditions set forth in the following provisions of section 65.10 (subd. 2, pars. [a], [b], [c], [e]; subd. 3) of the Penal Law. The Probation Department in Nassau County is directed to effectuate the probation hereby ordered. As so modified, judgment affirmed. In our opinion the sentence is excessive to the extent indicated herein. Rabin, P. J., Latham, Shapiro, Gulotta and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CARL ALBERT BROWN, Appellant.— Appeal by defendant from a judgment of the County Court, Dutchess County, rendered June 10, 1970, convicting him of rape in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant contends that his waiver of trial by jury was ineffective because it was oral. Section 2 of article I of the Constitution of the State of New York provides: "A jury trial may be waived by the defendant in all criminal cases, except those in which the crime charged may be punishable by death, by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense." The constitutional requirement of a written waiver was not complied with; therefore, no waiver occurred (*People* v. *Matthews,* 35 A D 2d 1049). Munder, Acting P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM J. JARRELS, Appellant.— Appeal by defendant from an order of the Supreme Court, Kings County, dated April 5, 1971, which denied his motion for resentence. Appeal dismissed. The order is not appealable. However, we have considered the record herein; and, if the order were appealable, we would affirm it. Rabin, P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.