### In re Louis Bowers

[292 A.2d 813]

No. 21-71

Present: Shangraw, C.J., Barney, Keyser, and Daley, JJ., Larrow, Supr. J.

Opinion Filed June 6, 1972

*Ronald H. Bean,* White River Junction, for Petitioner.

*Frank G. Mahady,* State's Attorney, and *Paul F. Hudson,* Deputy State's Attorney, for the State.

**Daley, J.** Louis F. Bowers appeals to this Court from an order and decision of the Windsor County Court made on January 28, 1971, granting him post conviction relief. His motion, brought under the provisions of 13 V.S.A. §§ 7131–7137, alleged that he was tried by court after his attempted waiver of his right to jury trial. It also alleged the conviction and sentence to be illegal as being in violation of Chapter 1, Article 10, of the Vermont Constitution.

The Windsor County Court, acting upon appellant's motion, issued an order, which recognized that his contentions were correct, and that being charged with escape from a penal institution, a felony, and a violation of 13 V.S.A. § 1501(b), he was by the constitution guaranteed a right to be tried by jury which could not be waived. The court ordered appellant's sentence vacated and further remanded the cause to the District Court of Vermont, Unit No. 6, Windsor Circuit, which originally tried appellant, for further proceedings in connection with the complaint on file and for further proceedings in accordance with the Constitution of the State of Vermont and the Vermont Statutes Annotated.

Appellant now contends that the order of the court did not vacate the judgment of guilty entered by the District Court.

■ We do not agree. Chapter 1, Article 10, of the Vermont Constitution provides in part:

> "That in all prosecutions for criminal offenses, a person hath a right to be heard by himself and his counsel, . . . a speedy public trial by an impartial jury of the county; without the unanimous consent of which jury, he cannot be found guilty . . . ."

This Article permits waiver of jury trial only in criminal offenses not punishable by death or imprisonment in the state prison. See *State* v. *Becker*, 130 Vt. 153, 287 A.2d 580 (1972). The offense charged against appellant is punishable by imprisonment in the state prison. 13 V.S.A. § 1501(b), 13 V.S.A. § 1.

■ The decision of the Windsor County Court was clearly made, as stated by it, in view of Chapter 1, Article 10. We look to substance rather than form. The court's decision when read in light of the constitutional provisions leads us to only one conclusion; namely, the trial of appellant by court upon his attempted waiver of jury trial, was a nullity. The District Court being without jurisdiction to enter a judgment of guilty in the absence of a verdict of guilty by a jury, its so-called judgment was null and void. *State* v. *Peterson*, 41 Vt. 504, 518–19 (1869); *Watson* v. *Payne*, 94 Vt. 299, 111 A. 462 (1920).

■ Essentially there existed no judgment in law for the County Court to vacate, but assuming arguendo there was, the court impliedly vacated it by the wording of its remand ". . . for further proceedings . . . in accordance with the Constitution of the State of Vermont and the Vermont Statutes Annotated." Read as a whole, the court's order in effect says, this man's unconstitutional trial is void as is any proceeding connected therewith subsequent to the complaint resulting in judgment.

We hold that the Windsor County Court, on January 28, 1971, by its order vacated both the sentence and judgment of guilty which the appellant prayed for in his motion.

Moreover, while this appeal was pending, a petit jury was impaneled in the District Court, the appellant was found guilty

of the offense with which he was originally charged, and the court imposed the same sentence which he is now serving.

Passing to appellant's second claim of error, he claims the date of his first sentencing in the District Court appeared on the Windsor County Court's order as January 5, 1970, and that at the same time by use of pen, someone changed the date from 1970 to 1971.

Appellant has not shown to us any evidence in the record as to how the change occurred, or when and by whom it was made. In any event, the pen strikeover appears to be the correction of a clerical or typographical error, so as to reflect the true date of sentencing as being January 5, 1971, which the record fully supports. No error is shown.

*Appeal dismissed.*