## State of Vermont v. Donald J. Bliss

[340 A.2d 76]

No. 49-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 14, 1975

*Robert W. Gagnon, Esq.,* State's Attorney, and *Alan S. Rome,* Acting Deputy State's Attorney, Montpelier, for the State.

*Richard S. Kohn, Esq.,* American Civil Liberties Union of Vermont, Inc., Montpelier, for Defendant.

 **Per Curiam.** In this case a jury trial was waived by the defendant, but without compliance with the requirements of chapter I, article 10, of the Vermont Constitution:

> That in all prosecutions for criminal offenses, a person hath a right to be heard by himself and his counsel; to demand the cause and nature of his accusation; to be confronted with the witnesses; to call for evidence in his favor, and a speedy public trial by an impartial jury of the country; without the unanimous consent of which jury, he cannot be found guilty; nor can he be compelled to give evidence against himself; nor can any person be justly deprived of his liberty, except by the laws of the land, or the judgment of his peers; provided, nevertheless, in criminal prosecutions for offenses not punishable by death or imprisonment in the state prison, the accused, with the consent of the prosecuting officer entered of record, may in open court or by a writing signed by him and filed with the court, waive his right to a jury trial and submit the issue of his guilt to the determination and judgment of the court without a jury.

The State has confessed error, and a new trial must be had. It should be pointed out that the filing of an executed District Court Form 33 would have satisfied the requirement of written consent and eliminated some of the difficulties inherent in this case.

This case reveals a further problem, which is solved by the new trial order, but which requires some comment. The defendant here claims that he was given to understand, in several ways, that he could only have a trial by jury if he obtained counsel. Because of the nature of the misdemeanor involved, no

assignment of the public defender was authorized. Since the cost of counsel was more than the probable penalty, this defendant claims to have felt he was forced to have his case tried by court.

However unwise it may be, a defendant is entitled to conduct his own trial, before a jury, if that be his choice, unless he is incompetent or incapable of making a rational decision on the matter. To attempt to make him believe that the right to trial by jury is conditioned on his being represented by counsel may render any waiver, even those in proper and constitutional form, involuntary, and is not to be condoned. *In re Bowers*, 130 Vt. 314, 316, 292 A.2d 813 (1972).

*The conviction and sentence of the defendant in Docket No. 472-73 WnCr, in the District Court of Vermont, Unit No. 5, Washington Circuit, is vacated and the cause is remanded for trial by jury.*