## State of Vermont v. Stephen L. Ibey

[352 A.2d 691]

No. 94-74

Present: Barney, C.J., Smith, Daley, Larrow and Billings, JJ.

Opinion Filed February 4, 1976

*Robert W. Gagnon,* Washington County State's Attorney, and *William F. Jankun,* Deputy State's Attorney, Montpelier, for the State.

*Robert Edward West*, Defender General, and *Charles S. Martin*, Appellate Defender, Montpelier, for Defendant.

**Barney, C.J.** The defendant was tried by court and convicted of knowingly and unlawfully possessing a regulated drug, marijuana, in violation of 18 V.S.A. § 4224(a). Before trial, a motion to suppress was heard by a district judge other than the judge hearing the case on the merits. Findings of fact were made and the motion denied. Thereafter, the defendant's attorney filed a motion for trial by court, signed only by him and not by defendant Ibey.

The appeal to this Court raises two issues. The first issue challenges the denial of the motion to suppress by claiming the facts before the hearing judge do not support a finding of probable cause that would sustain the warrantless search of the Ford van involved. The second issue relates to the validity of the waiver of jury trial signed only by defense counsel.

Since the decision on this second issue mandates a remand, we reach it first. We hold that, under the provisions of chapter I, article 10 of the Vermont Constitution, it must affirmatively appear from a writing signed by the defendant, or from the oral record made in open court, that the defendant personally indicated, understandingly, his desire to waive a trial by jury. Article 10 was amended effective in 1974 after the date of this trial, but the operative language involved here is unchanged:

> [T]he accused, with the consent of the prosecuting officer entered of record, may in open court or by a writing signed by him and filed with the court, waive his right to a jury trial and submit the issue of his guilt to the determination and judgment of the court without a jury.

There are two requirements: (1) the consent of the prosecuting officer entered of record; and (2) the waiver by the defendant either in writing or in open court. Neither was done in this case. Although the lack of prosecutorial consent may not be fatal, since no question was raised on that score, *State* v. *Blaine*, 133 Vt. 345, 352, 341 A.2d 16 (1975), the failure to fulfill the constitutional requirements as to the de-

fendant's waiver requires reversal. *In re Bowers*, 130 Vt. 314, 316, 292 A.2d 813 (1972). Furthermore, it should be noted that, effective January 1, 1974, an effective waiver of the right to a jury trial in Vermont requires the trial court's consent. V.R.Cr.P. 23(a). The use of Form 33 is recommended.

V.R.Cr.P. 11(c) requires that a plea of guilty not be received until the trial court has personally addressed the defendant and determined from him that he understands that by his plea he is waiving, among other rights, his right to trial by jury. This rule requirement springs from interpretations of the United States Constitution in *McCarthy* v. *United States*, 394 U.S. 459, 469–70, 89 S.Ct. 1166, 22 L.Ed.2d 418, 427 (1969), applied to the states in *Boykin* v. *Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274, 279 (1969). This rule came into being through the translation of general rights into operational requirements without specific supporting language in the United States Constitution itself. We view the presence of precise language in the Vermont Constitution relating to waiver of a jury trial as being even more compelling so that its directions for the protection of the defendant must be specifically carried out.

■ ■   In many cases the reversal of a case leaves this Court without a basis to effectively review other issues. See, e.g., *State* v. *Lakin*, 131 Vt. 82, 86, 300 A.2d 554 (1973). However, if the issue persists, and will require treatment on remand, consideration in the context of the initial full-scale appeal is proper, both from the standpoint of protecting the rights of the parties on retrial, and preventing the fruitless repetition of issues on any second appeal. *State* v. *Ross*, 130 Vt. 235, 239, 290 A.2d 38 (1972). That is the case here on the issue related to the motion to suppress, and it will be reviewed.

An understanding of the facts is necessary to an evaluation of the legal questions. These facts are based on the findings of the court hearing the suppression motion prior to trial. Three persons, the defendant and a young man and young woman, arrived at an apartment in Montpelier in a Ford van. The vehicle was registered to the defendant's father. Unbeknown to the van occupants, the multiple family dwelling was, at the time, under surveillance by the Montpelier police because it

was suspected that one or more of the occupants were engaged in traffic in illegal drugs.

The officer conducting the surveillance was experienced in narcotics police work, having spent two years as a member of the Nassau County, New York Police Department's narcotic squad. In that position, he had participated in the investigation and prosecution of hundreds of such cases. He testified that there were approximately twenty occasions in the hour and a half of his observation when automobiles parked near the apartment house and one or more of the occupants entered the house. Usually they remained for fifteen or twenty minutes. It was the officer's testimony that license plate checks revealed that the vehicles were registered in the name of or used by individuals believed by the police to be engaged in or associated with the unlawful drug traffic. Other than the officer's testimony that it was so reported to him by police radio, no evidence of that source of the knowledge of these people's involvement with drugs was shown.

The van stayed parked near the apartment for over an hour. Since the defendant had been reported to the watching officer as a suspected user of regulated drugs, he elected to follow the van when it left. As he did so, he observed unusual activity in the car, described as "shuffling around".

The officer overtook and stopped the van after it was out of sight of the apartment. The young lady who was driving was nervous to the point of incoherence and had no license. She informed the officer that she was being given a driving lesson by the defendant.

An object that was taken to be a "hash pipe", associated with the smoking of opium or hashish, was in open sight on the dash above the windshield. It later turned out to be a piece of wood whittled in a manner to resemble a pipe, but was not one.

The officer radioed for assistance and ordered the occupants out of the car. A crowd began to gather around the van, and it appeared to the officer that the defendant was moving away from the van as if to escape, and it was necessary for the officer to direct him to come closer.

When a second officer arrived, the investigating officer had the other male passenger come to his cruiser. That passenger turned over to the officer, in the cruiser, a quantity of mari-

juana. With that, the officer returned to the van, reached in and searched the heater box and found the one ounce packet of marijuana sought to be suppressed.

The hearing judge noted that since a warrantless search is considered unreasonable unless justified, the burden is on the prosecution to show that the search falls into one of the exceptions to the Fourth Amendment search warrant requirement. *Coolidge* v. *New Hampshire*, 403 U.S. 443, 454–55, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). A body of law has developed around automobile searches, beginning with *Carroll* v. *United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and including *Chambers* v. *Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) and *Coolidge* v. *New Hampshire, supra,* to *Cardwell* v. *Lewis,* 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974). Other cases such as *Cady* v. *Dombrowski,* 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), also deal with automobile searches, but we are concerned only with those referring to the presence of (1) probable cause to believe that this vehicle contains evidence of crime, plus (2) exigent circumstances as justifying the failure to obtain a warrant. *King* v. *State,* 16 Md. App. 546, 551, 298 A.2d 446, 449 (1973). See also *State* v. *Murray,* Docket No. 78-75, also heard in the December Term, 1975, and handed down with this case, for a thorough discussion of the warrant exception as it applies to automobiles.

█ The hearing court, in finding the presence of probable cause to believe the vehicle contained evidence of crime, centered on the surrender of marijuana to the officer from his pocket by the other passenger. The evidence at the hearing indicated that the search by the investigating officer culminating in the locating of additional marijuana in the heater box followed the episode in the officer's cruiser. It was this event that elevated the circumstances above the level of mere suspicion, and formed the single justification for the probable cause finding. The hearing court found that the same facts submitted to an impartial magistrate would support the finding of probable cause necessary for the issuance of a warrant. We agree.

This does not conclude the inquiry, however. The necessary probable cause finding, *Almeida-Sanchez* v. *United States,*

413 U.S. 266, 269, 93 S.Ct. 2535, 37 L.Ed.2d 596, 600 (1973), must be coupled with a finding of exigent circumstances justifying the failure to seek a warrant. The hearing court's affirmative finding on this issue is also sustained. *Chambers* v. *Maroney, supra,* 399 U.S. at 51, 90 S.Ct. at 1981, 26 L.Ed.2d at 428 states that exigent circumstances justifying a warrantless search apply to a vehicle stopped on the highway, where there is probable cause, because the car is movable, the occupants are alerted, and the opportunity to search is fleeting. That is the circumstance obtaining in this case, and the hearing court properly so decided.

Perhaps this is the place for a reminder that the issue before the hearing judge was a preliminary matter involving only a standard of probability and is subject to being reopened at trial.

This disposes of all issues raised below and advanced here for decision. Matters subject to eventual ruling by a trial court not yet put before it will not be treated, being anticipatory and perhaps speculative.

*The judgment is vacated, and the cause is remanded.*