Opinion
WILSON, P. J.
Statement of Case
On July 22, 1974, D. Lowell Jensen, the District Attorney of Alameda County, through his agents, filed a complaint in the Municipal Court for the Oakland-Piedmont Judicial District charging respondent Calvin Loving with two misdemeanors. In the first count, respondent was charged with carrying a concealed weapon in an automobile (Pen. Code, 12025). In the second count, respondent was charged with carrying a loaded weapon in a public place (Pen. Code, 12031).
On February 27, 1975, the matter came regularly on calendar for jury trial and a jury was regularly impanelled and on February 28, 1975, testimony was taken.
On March 3, 1975, one juror did not appear as ordered and attempts to locate said juror were to no avail. A mistrial was declared.
On March 14, 1975, respondent moved for a dismissal based on a plea of once in jeopardy.
On April 3, 1975, the municipal court dismissed said complaint on the ground that respondent had been once in jeopardy.
On May 1, 1975, the People filed notice of this appeal from the order dismissing the criminal complaint.
*Supp. 15 During a recess in chambers counsel for the People and for the defendant agreed to a mistrial but immediately thereafter when the court reconvened at 11 a.m., Mr. Muraoka (defense counsel) agreed to proceed with 11 jurors, but the district attorney refused to proceed with only 11 jurors.
The question is whether under the procedural facts of this case jeopardy set in which is a bar to a subsequent prosecution.
Albeit jeopardy is said to attach when a jury is sworn, jeopardy does not bar the People’s right to appeal pursuant to Penal Code section 1466, where the defendant through his own efforts has succeeded in getting the case dismissed before a verdict of conviction or acquittal was reached. (People v. Finch (1953) 119 Cal.App.2d Supp. 892, 896-899 [258 P.2d 1124].) It would, indeed, be anomalous to hold that jeopardy is not a bar to a subsequent prosecution if a mistrial is declared out of legal necessity, and yet it is a bar to an appeal of an erroneous order of dismissal of an action after a mistrial has been declared out of legal necessity. No such anomaly exists, see People v. Finch, supra.
Respondent attempts to set up the correctness of his ultimate contention as a bar to litigating that veiy contention. However, if that contention is erroneous as appellant here contends, and jeopardy does not bar a subsequent prosecution in this case because the mistrial was a legal necessity, then no policy is served by preserving the efficacy of an erroneous order of dismissal, by declaring it “nonappealable.”
The Mistrial Was a Matter of Legal Necessity
 Respondent’s assertion that trials of 11 jurors are no novelty, and Penal Code section 1123 is not mandatory, misses the point. In People v. Patterson (1959) 169 Cal.App.2d 179, 187 [337 P.2d 163]; People v. Williams (1954) 128 Cal.App.2d 458 [275 P.2d 513]; People v. Clark (1938) 24 Cal.App.2d 302 [74 P.2d 1070], the court found no error in a conviction by an 11-man jury because a 12-man jury had been “waived ... by the consent of both parties, expressed in open court by the detendant and his counsel” in accordance with the California State Constitution, article I, section 16. It is in this context that Penal Code section 1123 has been held not to be mandatory in that it can be waived. However, here, as respondent asserts, it was not waived by the defendant-respondent or by the People.
*Supp. 16 Absent strict compliance with article I, section 16 of the Constitution, it is not only irregular and uncommon to proceed with 11 jurors, it is reversible error to proceed with 11 jurors. (See People v. Ames (1975) 52 Cal.App.3d 389, 392 [124 Cal.Rptr. 894].) Since “both parties” did not agree to an 11-man jury and the defendant did not personally waive a 12-man jury, the trial court was legally compelled to declare a mistrial. Therein lies the legal necessity.
The right to a jury trial is expressly provided for in the California State Constitution and can only be waived by the consent of both parties. (People v. Washington (1969) 71 Cal.2d 1061, 1086-1087 [80 Cal.Rptr. 567, 458 P.2d 479]; People v. King (1970) 1 Cal.3d 791 [83 Cal.Rptr. 401, 463 P.2d 753].) Certainly the refusal of one of the parties to agree to waive a constitutionally guaranteed right to a jury trial should not be a ground for dismissing an action against that party.
Respondent’s contention that the trial court abused its discretion in declaring a mistrial based on the unexcused absence of a juror, when there was no alternate, and when both parties did not agree to an 11-man jury, and when the trial had been delayed half a day awaiting the arrival of the juror, and when the trial court had sent a patrol car to the juror’s home to no avail, is not meritorious. Respondent cites only cases holding that a judge should carefully consider the possible bias of a present juror before declaring a mistrial. Curry v. Superior Court (1970) 2 Cal.3d 707, 714 [87 Cal.Rptr. 361, 470 P.2d 345], itself recognizes the absence of a juror as legal necessity for a mistrial. Here the court below took reasonable steps to assure that the juror was in fact absent.
In the instant case the prosecutor was not being solicitous of defendant’s rights. To the contrary, he was merely attempting to preserve the People’s right to a fair trial by jury. In California, that right has been defined as a jury of 12 jurors. Since the People were entitled to a trial by jury (People v. Washington, supra; People v. King, supra), they were entitled to a trial by 12 jurors, and properly accepted nothing less.
For the above reasons, the order dismissing criminal complaint number 64179 is reversed and vacated and the matter remanded to the *Supp. 17 Municipal Court for the Oakland-Piedmont Judicial District for further proceeding.
Bostick, J., concurred.