## State of Vermont v. Richard F. Prime

[403 A.2d 270]

No. 244-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed June 5, 1979

*Dale O. Gray,* Caledonia County State's Attorney, and *Christopher B. Leopold,* Deputy State's Attorney, St. Johnsbury, for Plaintiff.

*James L. Morse,* Defender General, and *William A. Nelson,* Appellate Defender, Montpelier, for Defendant.

Hill, J. The defendant was charged with the crimes of sexual assault (two counts) and simple assault. He was found guilty of all counts by a jury, and he timely appeals from the judgment thereon. We reverse.

### I.

The defendant contends that the State failed to prove Count 1 of the information. That count charged a violation of 13 V.S.A. § 3252(1)(A), which makes it a crime to compel another person, not a spouse, to participate in a sexual act without his consent. A sexual act is defined, *inter alia,* as "conduct between persons consisting of contact between . . . the penis and the anus." 13 V.S.A. § 3251(1). At the close of the State's case, the defendant raised the issue by motion for a judgment of acquittal under V.R.Cr.P. 29. The issue on such a motion is "whether, taking the evidence in the light most favorable to the State and excluding modifying evidence, the State has introduced evidence fairly and reasonably tend-

ing to show the defendant guilty beyond a reasonable doubt." *State* v. *Eaton*, 134 Vt. 205, 206, 356 A.2d 504, 505 (1976). The defendant claims the denial of his motion was error.

██ The State contends that the element of contact was established, albeit in vulgar slang with which the record is replete. It further argues that the imprecision in the description, if any, is attributable to the defendant's limited background. On both points, we disagree. The record does not establish contact, nor are we convinced that the vagueness is due to the defendant's underdeveloped vocabulary. The streets do not lack anatomical synonyms for anus; the words were there, if only the prosecutor's questions had elicited them.

The motion for judgment of acquittal should have been granted. On this count we reverse and order judgment for the defendant.

## II.

After the jury was empanelled but before the voir dire and the start of the trial, the State's Attorney informed the court that, without his knowledge, a petition to place his name on the ballot had been circulated among the jury panel. Four jurors had signed. The court notified defense counsel of the petition. It offered to allow counsel to cross-examine the jurors or to discharge the panel and begin anew. Counsel questioned the sheriff who had circulated the petition and waived any claim of bias.

The defendant was neither present when the court was advised of the petition nor told by his attorney of its existence. In fact, he first learned of the incident and of his counsel's waiver when he read the transcript while preparing this appeal. He now claims that he was denied his constitutional right to a fair and impartial jury as guaranteed by the Sixth Amendment.

██ The State contends that while counsel's waiver without consultation is questionable, unless the defendant shows prejudice, his constitutional right has not been violated. It further asserts that no showing of prejudice has been made here. We agree with the defendant.

■ Reversible error in this regard does not depend on a showing of prejudice in an individual case.

No right is more fundamental to a defendant than a fair trial by jury, and the law is most sensitive to any infringement or impairment of that fundamental and constitutional right. It is the duty of this Court, when confronted with a record that discloses even a possible infringement of a defendant's right to a jury free and untainted by any suspicion of extraneous influences, to set aside a guilty verdict.

*State* v. *Woodard*, 134 Vt. 154, 158, 353 A.2d 321, 323–24 (1976). The right to an unbiased jury is a personal right which may be waived only by the defendant and only with a knowing and intelligent waiver. See *Fay* v. *Noia*, 372 U.S. 391, 439 (1963). It is true that counsel satisfied himself that the jury was not biased. The court also indicated its belief that no prejudice existed. Nonetheless, as the State concedes, the defendant was not advised of the circumstances. He did not, and could not, knowingly and intelligently waive possible taint. Thus, we must reverse and remand for a new trial.

As the case must be retried, we do not reach the other matters raised on appeal which are not likely to recur.

*Count 1: Judgment of guilty and sentence vacated and judgment of not guilty entered.*

*Counts 2 and 3: Reversed and remanded for a new trial.*