■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD BASORA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered July 20, 1981, convicting him of assault in the first degree and endangering the welfare of a child, after a nonjury trial, and imposing sentence. By order dated November 29, 1982, this court remitted the case to Criminal Term to hear and report on the question of whether defendant formally waived his right to a jury trial in accordance with NY Constitution, article I, § 2 and held the appeal in abeyance in the interim (*People v Basora,* 90 AD2d 851). Criminal Term (Heller, J.), has now complied.

Judgment affirmed. This case is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

A defendant in a criminal trial may waive his right to a jury trial only "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense" (NY Const, art I, § 2; *see,* CPL 320.10 [2]). After conducting a hearing pursuant to this court's order, the hearing court determined that there was no proof that defendant signed a waiver, nor was there judicial approval of any waiver.

We disagree. At the hearing, Assistant District Attorney Suzanne Melendez, the prosecutor assigned to defendant's case, testified that she "remember[ed] very distinctly the defendant signing the [jury waiver] paper". There was nothing in the record which impeached Ms. Melendez's credibility, and her testimony was uncontradicted inasmuch as none of the other witnesses remembered whether they had seen defendant sign the form or not. In short, we find sufficient evidence that defendant knowingly and intelligently waived his right to a jury trial (*see, People v McQueen,* 52 NY2d 1025; *People v Davis,* 49 NY2d 114; *People v Christopher,* 101 AD2d 504; *People v Caldwell,* 107 Misc 2d 62). Titone, J. P., Thompson, Bracken and O'Connor, JJ., concur.