## State of Vermont v. Ephriam J. Machia

[583 A.2d 556]

No. 87-404

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed September 21, 1990

*Howard E. VanBenthuysen,* Franklin County State's Attorney, and *Peggy Larson,* Law Clerk (On the Brief), St. Albans, for Plaintiff-Appellee.

*Nicholas L. Hadden* and *Peter M. Miller* (On the Brief) of *Lynch and Hadden,* St. Albans, for Defendant-Appellant.

**Gibson, J.** Defendant appeals his simple assault conviction following trial by a jury of eleven persons. The issue on appeal is whether defendant effectively stipulated to a jury of eleven persons. We conclude that he did and therefore affirm.

In May of 1986, defendant was arraigned in Franklin District Court on charges of simple assault as the result of an incident in which he struck a police officer. Jury selection took place in May of 1987. Thirteen jurors were seated, providing just one alternate. Realizing that this might mean that defendant would eventually be tried by fewer than twelve jurors, the court asked both counsel, during an on-the-record bench conference out of the hearing of defendant, whether they would agree to proceed with eleven jurors in the event that more than one juror was not able to continue. Both counsel agreed, with defense counsel emphasizing that less than eleven jurors would be unacceptable in any event.

On the first day of trial, the judge stated in open court on the record in the presence of defendant that two jurors were not present and that counsel had agreed to continue with eleven jurors. Specifically, the court announced:

> [W]e'll note for the record that it's our understanding [that two jurors] are not here. [One] is quite ill this morning, cannot get out of bed. [The other] is not here, and his phone is disconnected.
>
> . . . .

All right. And the record will reflect that counsel have agreed to go with eleven jurors in the case, and that is what we do have at this particular time.

There is no record of any discussion between either the court and defendant or defense counsel and defendant concerning defendant's understanding of his rights or desires relating to the number of jurors. Defendant did not object to the decision to go with eleven jurors at the time the decision was announced, or at any time during the trial, or in his motion for a new trial following conviction by the eleven-member jury. Defendant first raises the issue on appeal.

Defendant argues that the Vermont Constitution guarantees him a right to a jury comprised of twelve members, and that neither his counsel's on-the-record oral stipulation to an eleven-member jury, nor his silence in the face of the court's announcement, effectively waived his constitutional right to be tried by a jury of twelve. We disagree.

This Court has never considered the constitutional import of reducing the number of jurors from twelve to eleven. Chapter 1, Article 10 of the Vermont Constitution entitles every person charged with a criminal offense to "a speedy public trial by an impartial jury," provided that the accused "may in open court or by a writing signed by him and filed with the court, waive his right to a jury trial and submit the issue of his guilt to the determination and judgment of the court without a jury." Article 10 does not specify the number of jurors required to constitute a jury. On several occasions, this Court, while passing on related issues, has noted that defendants have a constitutional right to be tried by a common-law jury of twelve; however, none of these cases directly concerned the constitutional significance of reducing the jury from twelve to eleven members. See *State v. Couture*, 146 Vt. 268, 272, 502 A.2d 846, 849 (1985) (jury instructions violated Vermont Constitution by allowing conviction without assuring unanimity regarding essential element of crime); *State v. Hirsch*, 91 Vt. 330, 338, 100 A. 877, 880 (1917) (municipal court had no power under Municipal Court Act to try criminal case without jury); *In re Marron*, 60 Vt. 199, 203–04, 12 A. 523, 526 (1888) (statute requiring prisoner convicted in six-juror justice's court to procure copies of appeal at own ex-

pense did not infringe on constitutional right to trial by jury); *State v. Peterson*, 41 Vt. 504, 522–23 (1869) (provisions of city charter assigning final jurisdiction of certain criminal offenses to justice of the peace without providing for trial by jury violated constitutional right to jury trial).

Unquestionably, the waiver of a defendant's right to a trial by jury goes to the heart of a defendant's constitutional rights. Accordingly, in *State v. Ibey*, 134 Vt. 140, 141, 352 A.2d 691, 692 (1976), we held that, pursuant to Article 10 and V.R.Cr.P. 23(a),[1] a writing signed by the defendant or an oral record made in open court must show that "the defendant personally indicated, understandingly, his desire to waive a trial by jury." A further indication of how seriously we consider a waiver of the right to a jury trial is our recent decision in *State v. Coita*, 153 Vt. 18, 20, 568 A.2d 424, 425 (1989), where we held that the trial court must affirmatively indicate its consent to such a waiver; silent acquiescence by the court does not suffice. Cf. *State v. Conn*, 152 Vt. 99, 103, 565 A.2d 246, 248 (1989) (signed written waiver approved by court is sufficient to establish a prima facie effective waiver despite absence of indication on record that defendant's waiver was knowing and intelligent). Similarly, federal case law interpreting Fed. R. Crim. P. 23(a),[2] upon which V.R.Cr.P. 23(a) is based, generally requires an express, personal waiver knowingly and intelligently given in strict compliance with the rules. See, e.g., *United States v. Garrett*, 727 F.2d 1003, 1012–13 (11th Cir. 1984), *aff'd*, 471 U.S. 773 (1985); *United States v. Delgado*, 635 F.2d 889, 890 (7th Cir. 1981); *United States v. Lockwood*, 604 F.2d 7, 8 (5th Cir. 1979) (per curiam).

On the other hand, a stipulation to a jury of fewer than twelve persons is not treated as the equivalent of a jury waiver. Indeed, V.R.Cr.P. 23 has separate provisions for the waiver of a jury trial and a stipulation to a smaller jury panel. Compare V.R.Cr.P. 23(a) with 23(b). Moreover, the stipulation to a jury

---

[1] Rule 23(a) provides: "The defendant may in a signed writing or in open court, with the consent of the prosecuting attorney and the court entered of record, waive a jury trial in offenses not punishable by death or imprisonment in the state prison."

[2] Fed. R. Crim. P. 23(a) provides: "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

with fewer than twelve members under V.R.Cr.P. 23(b)[3] is not limited to offenses not punishable by death or state imprisonment, as is the waiver of a jury trial under Rule 23(a).[4]

Case law interpreting Fed. R. Crim. P. 23(b) offers further indication of the disparate treatment between a jury waiver and a stipulation to a reduced jury. Although Fed. R. Crim. P. 23(b) provides that a stipulation to a jury of fewer than twelve persons must be in writing,[5] that requirement is not strictly enforced. The federal courts are divided on whether an accused is required personally to stipulate to a reduced jury, but none of the circuits insist on a written stipulation. See *United States v. Spiegel*, 604 F.2d 961, 965 (5th Cir. 1979), *cert. denied*, 446 U.S. 935 (1980) (discusses differing treatment by various circuits); *Hudson v. State*, 250 Ga. 479, 483 n.7, 299 S.E.2d 531, 535 n.7 (1983) (same). According to some courts, an oral stipulation in open court is sufficient only if, at a minimum, the record shows that the defendant gave express, personal consent or was consulted by counsel. See *United States v. Reyes*, 603 F.2d 69, 71

---

[3] Rule 23(b) provides: "The parties may stipulate in writing that the jury shall consist of any number less than twelve with the approval of the court."

[4] We cannot agree with the Reporter's Notes to Rule 23, which suggest that the Vermont Constitution requires that the phrase "not punishable by death or imprisonment in the state prison" be read into Rule 23(b). First, we note that Chapter I, Article 10 now precludes waivers of jury trials only when the offense is punishable by death; the language regarding state imprisonment was dropped in a 1974 constitutional amendment. More pertinent to our discussion here, the statement in the Reporter's Notes is based on the conclusion that a stipulation to a jury of less than twelve is pro tanto a waiver of a jury trial because Vermont cases have held that the Vermont Constitution guarantees a twelve-member jury. As we noted earlier, however, no Vermont case has directly addressed the constitutional significance of reducing a jury from twelve to eleven members. In any event, to the extent that prior cases may be construed as precluding defense counsel from stipulating on the record to an eleven-member jury, they are overruled.

[5] Until 1983, Fed. R. Crim. P. 23(b) provided:
Juries shall be of 12 but at any time before verdict the parties may stipulate in writing with the approval of the court that the jury shall consist of any number less than 12 or that a valid verdict may be returned by a jury of less than 12 should the court find it necessary to excuse one or more jurors for any just cause after trial commences.
In 1983, the following sentence was added to Rule 23(b): "Even absent such stipulation, if the court finds it necessary to excuse a juror for just cause after the jury has retired to consider its verdict, in the discretion of the court a valid verdict may be returned by the remaining 11 jurors."

(9th Cir. 1979); *United States v. Taylor*, 498 F.2d 390, 391–92 (6th Cir. 1974) (per curiam); *United States v. Ricks*, 475 F.2d 1326, 1328 (D.C. Cir. 1973) (per curiam); see also *State v. Reid*, 155 Ariz. 399, 402, 747 P.2d 560, 563 (1987) (waiver sufficient where record showed counsel conferred with defendant, defendant was in court when counsel stipulated to continue with eleven jurors, and defendant did not allege not discussing matter with counsel); *People v. Waters*, 641 P.2d 292, 293–94 (Colo. Ct. App. 1981) (waiver sufficient where counsel consulted defendant and defendant voiced no objection to counsel's statement); cf. *Walker v. State*, 578 P.2d 1388, 1389–90 (Alaska 1978) (Alaska Constitution's explicit provision for twelve jurors requires that waiver be express and personal); *State v. Hood*, 242 Kan. 115, 125, 744 P.2d 816, 823–24 (1987) (defendant may personally waive right to twelve-member jury even when against advice of counsel).

Many courts, however, do not require defendant's express, personal stipulation when defense counsel agrees to a jury of less than twelve in defendant's presence and absent defendant's objection. See, e.g., *United States v. Illinois*, 619 F.2d 668, 671–73 (7th Cir.), *cert. denied*, 449 U.S. 880 (1980) (defendant's presence in court presumed though not explicit in record); *Williams v. United States*, 332 F.2d 36, 39 (7th Cir. 1964), *cert. denied*, 379 U.S. 976 (1965) (express stipulation not required where defendant was present when counsel orally agreed to stipulation in open court); *Horne v. United States*, 264 F.2d 40, 41, 43 (5th Cir.), *cert. denied*, 360 U.S. 934 (1959) (same); *State v. Ciniglio*, 57 N.J. Super. 399, 404, 154 A.2d 845, 848 (1959) (same). Other cases stand for the proposition that the decision to allow trial by an eleven-member jury is of a procedural and tactical, rather than of a constitutional, nature, and defense counsel can stipulate to a reduced jury even though the record does not show that the defendant personally and intelligently assented to the stipulation. See *United States v. Spiegel*, 604 F.2d at 965 n.9; *United States v. Roby*, 592 F.2d 406, 408 (8th Cir.) (per curiam), *cert. denied*, 442 U.S. 944 (1979); cf. *Hudson v. State*, 250 Ga. at 483–84, 299 S.E.2d at 535 (defendant acquiesced in his counsel's stipulation to eleven-member jury by not objecting at trial). This approach is buttressed by the United States Supreme Court decision in *Williams v. Florida*, 399 U.S. 78, 100 (1970),

where the Court held that the federal constitution does not require twelve jurors for conviction. Regarding the role of a jury and the significance of the jury having twelve members, the Court stated:

> [T]he 12-man requirement cannot be regarded as an indispensable component of the Sixth Amendment.
>
> The purpose of the jury trial . . . is to prevent oppression by the Government. . . . Given this purpose, the essential feature of a jury obviously lies in the interposition between the accused and his accuser of the commonsense judgment of a group of laymen, and in the community participation and shared responsibility that results from that group's determination of guilt or innocence. The performance of this role is not a function of the particular number of the body that makes up the jury.

*Id.*

Further evidence that the stipulation to an eleven-member jury does not constitutionally rise to the level of a waiver of a jury trial is found in the 1983 amendment to Fed. R. Crim. P. 23(b). The federal courts have held that that amendment, which gives the trial court the discretion, once the jury retires, to excuse a juror for just cause and allow a verdict by a jury of eleven even absent the consent of the defendant, does not violate the defendant's constitutional right to a jury trial. *United States v. Armijo*, 834 F.2d 132, 134 (8th Cir. 1987), *cert. denied*, 485 U.S. 990–91 (1988); *United States v. Smith*, 789 F.2d 196, 204–05 (3d Cir.), *cert. denied*, 479 U.S. 1017 (1986); *United States v. Gambino*, 788 F.2d 938, 949 (3d Cir.), *cert. denied*, 479 U.S. 825 (1986); *United States v. Stratton*, 779 F.2d 820, 830–35 (2d Cir. 1985), *cert. denied*, 476 U.S. 1162 (1986).

The instant case concerns neither Fed. R. Crim. P. 23(b) nor the excuse of a juror after the jury retires to deliberate; nonetheless, the recent amendment to Rule 23(b), along with the cited decisions allowing a court to accept an eleven-member jury verdict without the defendant's consent, are further corroboration that the stipulation to an eleven-member jury is not considered to be at the very core of the federal constitutional right to a jury trial. In *Stratton*, the Second Circuit noted that the available empirical data indicate that "a decrease in jury

size of only one person may have only the most minute effect. Whatever disadvantage to the defendant may occur from reducing the jury size from twelve to eleven is of insufficient proportion to give him a constitutional right to a jury of twelve . . . ." 779 F.2d at 834–35 (citing *Williams v. Florida*, 399 U.S. at 101) (footnote omitted).

Of course, our decision in the instant matter is based on our determination of whether a defense counsel's stipulation to an eleven-member jury violates defendant's right to a jury trial under the Vermont Constitution. Defendant urges us to analogize the instant case to *State v. Prime*, 137 Vt. 340, 342–43, 403 A.2d 270, 272 (1979), where we held that a defendant's right to a jury free from the taint of any suspicion of extraneous influences could only be waived by defendant's personal, knowing and intelligent waiver. On the other hand, the State urges us to invoke *State v. Bailey*, 144 Vt. 86, 103, 475 A.2d 1045, 1055 (1984), in which we held that "[t]he right to jury sequestration, absent an allegation of taint or bias, is not so compelling as to require a personal, affirmative waiver by defendant himself." We further stated in *Bailey* that an express, personal waiver of a counseled defendant is not required for strategic and tactical decisions, even those with constitutional implications. *Id.*

We believe that the present case, though not identical, is more analogous to *Bailey* than *Prime*. The right to an unbiased jury unquestionably goes to the heart of the right to a jury trial. Indeed, Chapter 1, Article 10 of the Vermont Constitution expressly guarantees the right to an "impartial" jury. The Vermont Constitution, however, is silent with regard to the number of jurors required to comprise an impartial jury, and there is no suggestion of any bias or suspicion of taint in the instant case.

We do not mean to intimate that the Vermont Constitution permits less than twelve jurors absent the defendant's stipulation; rather, we believe that the decision to stipulate to an eleven-person jury is a "tactical" or "strategic" one that can be made by counsel with the defendant's implied consent. Here, defense counsel's on-the-record oral stipulation to an eleven-member jury, confirmed in defendant's presence, did not deprive defendant of his constitutional right to trial by jury. See *Hudson v. State*, 250 Ga. at 483–84, 299 S.E.2d at 535. Further,

in light of the foregoing discussion, the trial court's failure to obtain the parties' written stipulation to an eleven-member jury, as required by Rule 23(b), was harmless error. See V.R.Cr.P. 52(a) (any error not affecting defendant's substantial rights shall be disregarded).

*Affirmed.*

Dooley, J., dissenting. The Vermont Constitution guarantees a defendant the right to a twelve-person jury—no more, and no less. This right can be waived only by strict adherence to the constitutional waiver provision, with the same formality required for waiver of an entire jury. Because the defendant in this case did not personally waive his right to a twelve-person jury, the waiver was constitutionally defective and he should be entitled to a new trial. Therefore, I must dissent.

I will review first the standards applicable to a waiver of a trial by jury because these standards are intertwined with those applicable to waiver of a twelve-member jury. The majority today recognizes that we consider the waiver of a jury trial a very serious matter, and I do not disagree with their analysis on this issue. I nevertheless explore the issue in greater detail because it is important to understand fully the standards that we impose on jury trial waiver.

The original constitutional provision which preserved the right to a trial by jury in all criminal matters did not include the waiver provision currently embodied within Chapter I, Article 10. This Court addressed the issue of a jury trial waiver in *State v. Hirsch*, 91 Vt. 330, 334–38, 100 A. 877, 879–80 (1917), and held that the then current jury statute, P.S. 2216, did not permit an accused person to waive a jury trial, no matter how trivial the charge. Although the Court's decision was based upon statutory grounds, there was a strong inference that the Constitution itself prohibited jury waiver.

In direct response to *Hirsch*, the Constitutional Commission of 1919 proposed that Article 10 be amended to permit a defendant to waive the right to a trial by jury in "criminal prosecutions for offenses not punishable by death or imprisonment in the state prison." In support of its proposed amendment, the Commission stated that:

> If the accused pleads not guilty he cannot submit to a trial by the court without a jury, no matter how trivial the charge and no matter how much he desires ᵃn immediate hearing.
>
> . . . .
>
> The right to trial by jury should not be interfered with, but there appears to be no strong reason now effective which would require the accused to have a jury trial, when neither the accused nor the prosecution desire it, and *so indicate with certainty.* Conditions in force at the time of the adoption of the constitution . . . have long since passed away. . . . We think a person accused of a misdemeanor should have the right to waive a jury trial under such safeguards as will protect the accused and the prosecution alike from possible abuses.

Constitutional Commission of 1919, Report on State of Vermont Proposals of Amendment to Constitution 6–7 (1920) (emphasis supplied). This amendment to Article 10, adopted in 1924, dealt with only relatively minor offenses. Thus, we held that a defendant could not waive a jury trial when the offense charged against him was punishable by imprisonment in the state prison. *In re Bowers,* 130 Vt. 314, 316, 292 A.2d 813, 814 (1972). We concluded that the defendant's trial by court after his attempted waiver of a jury trial was "a nullity." *Id.*

Article 10 was amended again in 1974 to allow defendants to waive jury trials in all cases unless the offense is punishable by death. It now provides:

> [I]n all prosecutions for criminal offenses, a person hath a right to . . . a speedy public trial by an impartial jury of the country; . . . provided, nevertheless, in criminal prosecutions for offenses not punishable by death, the accused, with the consent of the prosecuting officer entered of record, may in open court or by a writing signed by him and filed with the court, waive his right to a jury trial . . . .

Vt. Const. ch. I, art. 10. Vermont Rule of Criminal Procedure 23(a) codifies this jury waiver provision and adds an additional

requirement that the trial court must also consent.[1] Even though the rule does not establish a standard that must be met to waive a jury trial, the Reporter's Notes to Rule 23(a) make clear that, "[o]f course, as with other constitutional rights, the court must satisfy itself that any waiver permitted is knowing and voluntary."

We have had several occasions to review these constitutional and statutory waiver provisions. In *State v. Ibey*, 134 Vt. 140, 141, 352 A.2d 691, 692 (1976), we stated, "under the provisions of chapter I, article 10 of the Vermont Constitution, it must affirmatively appear from a writing signed by the defendant, or from the oral record made in open court, that the defendant personally indicated, understandingly, his desire to waive a trial by jury." We concluded in *Ibey* that the presence of precise language in the Vermont Constitution relating to waiver of a jury trial requires that waiver be effectuated by the constitutional procedure and nothing less. *Id.* at 141–42, 352 A.2d at 692. As the 1919 Commission on the proposed amendments to the Vermont Constitution stated, the defendant must indicate his waiver "with certainty."

More recently, we noted that our jury waiver precedents do not require a finding of prejudice in order to reverse a conviction based upon an ineffective waiver because of the nature of the rights involved. *State v. Coita,* 153 Vt. 18, 21–22, 568 A.2d 424, 426 (1989). Rather, we determined in *Coita* that "in view of the seriousness of the right to be protected, the cases require 'strict compliance with the rule.'" *Id.* at 21, 568 A.2d at 426 (quoting *United States v. Garrett*, 727 F.2d 1003, 1012 (11th Cir. 1984)). In this light, we held that the trial court must affirmatively indicate its consent to a jury waiver. Therefore it was error to proceed with a trial by court when the court failed to sign the standard "Waiver of Right to Jury Trial" form even though it had been signed by the defendant, his attorney and the prosecuting attorney. We stated:

---

[1] V.R.Cr.P. 23(a) states:
    **Trial by Jury; Waiver.** The defendant may in a signed writing or in open court, with the consent of the prosecuting attorney and the court entered of record, waive a jury trial in offenses not punishable by death or imprisonment in the state prison.

> We may, of course, infer that the court did not object to trial by court, but the rule requiring court approval demands more than mere acquiescence. . . . Silent acquiescence to a waiver does not assure us that the court thought about the decision—not only from the defendant's point of view, but from the prosecutor's perspective and in the interests of justice.

*Id.* at 20, 568 A.2d at 425. Additionally, we have held that a written waiver signed by the defendant, defendant's attorney, the state's attorney and approved by the court, which shows an understanding of the right to be waived, is sufficient to establish a prima facie waiver because it meets the strict requirements of a written waiver. *State v. Conn*, 152 Vt. 99, 103, 565 A.2d 246, 248 (1989). We stated that in the absence of evidence to the contrary, such a showing is sufficient to establish a knowing, intelligent and voluntary waiver sufficient to satisfy constitutional requirements. *Id.*

Relatively few state constitutions contain jury waiver provisions similar to ours. Those states with such provisions also require strict compliance with the constitutional waiver methods and the statutes or rules which implement the constitutional mandate. In Virginia, an accused "may, with his consent and the concurrence of the Commonwealth's Attorney and of the court entered of record, be tried by a smaller number of jurors, or waive a jury." Va. Const. art. I, § 8. The Virginia Court of Appeals has held that in order for a defendant to waive a trial by jury, the record must reveal that the defendant gave an express and intelligent consent to the waiver as shown by his personal response to questions by the trial court. *McMormick v. City of Virginia Beach*, 5 Va. App. 369, 372, 363 S.E.2d 124, 125 (1987). In the absence of this record, the appeals court reversed the defendant's conviction even though there was no indication that the defendant ever requested a jury trial. *Id.*

The Idaho Constitution provides that "trial by jury may be waived in all criminal cases, by the consent of all parties, expressed in open court." Idaho Const. art. I, § 7. The Idaho Court of Appeals has stated that "[b]ecause trial by jury is one of the fundamental guaranties of the rights and liberties of the people, every reasonable presumption should be indulged

against its waiver." *State v. Wheeler*, 114 Idaho 97, 101, 753 P.2d 833, 837 (Ct. App. 1988). It added that it would not find waivers of jury trials in doubtful cases, and that the defendant must personally waive his right to trial by jury after being advised by the court of the existence of the right. In the absence of strict compliance with the constitutional and statutory provisions, the court reversed for a new trial.

In New York, a trial by jury in criminal cases can be waived only "by a written instrument signed by the defendant in person in open court before and with the approval of a judge or justice of a court having jurisdiction to try the offense." N.Y. Const. art. I, § 2. A defendant's oral waiver of a jury trial does not comply with the constitutional mandate of a "written instrument," and such a waiver is ineffective. *People v. Brown*, 37 A.D.2d 980, 980, 327 N.Y.S.2d 820, 820–21 (1971). But see *People v. Basora*, 111 A.D.2d 248, 248, 489 N.Y.S.2d 91, 92 (1985) (evidence that defendant signed a written waiver, rather than the waiver itself, is sufficient to meet the constitutional requirement).

It is clear from these precedents that jury waivers must comply strictly with constitutional and statutory requirements, and failure to meet this high standard will result in reversal of a conviction, even when there has been no showing of prejudice to the defendant. I am not sure that the majority would disagree with these points; I make them only for emphasis. Our disagreement comes at the next step—whether consent to trial by less than twelve jurors must comport with the requirements for waiver of trial by jury.

The majority distinguishes between the waiver of the entire jury and the waiver of only one or two jurors and holds that the counsel for a defendant may waive the defendant's right to a twelve member jury if the waiver is made or announced on the record in the defendant's presence without his or her objection, or if the defendant otherwise acquiesces in the waiver. I disagree because I believe that a jury comprised of less than twelve members is not a jury as defined by the Vermont Constitution. Therefore, there is no constitutional difference between a bench trial and a trial before an eleven-person jury. The right to a twelve-person jury is a personal right to the defendant

which can be waived only by the methods specified in the Constitution for waiver of the entire jury.

Over one hundred years ago, this Court determined that a jury, as used in our Constitution, means a common law jury of twelve persons. *State v. Peterson*, 41 Vt. 504 (1869). The primary issue in *Peterson* was whether certain provisions in the City of Burlington's charter were unconstitutional because they conferred final jurisdiction in criminal causes upon the police court where the accused was entitled to a jury of six persons, but where there was no right to a jury of more than six. *Id.* at 515–16. In its thorough analysis, the Court relied on the *Magna Carta*, Judge Blackstone, England's common and statutory law, as well as the United States Constitution. The primary focus, however, was on the development of the Vermont Constitution's provisions for jury trials. The Court unequivocally concluded that in Vermont "[t]he word *'jury,'* as used in the constitution, means a common law jury of twelve men." *Id.* at 522 (emphasis in original). The Court wrote:

> The excellence of trial by jury in criminal causes can not be overestimated, for it is in such causes that the accused have the right to demand that the truth of every accusation . . . shall be confirmed by the unanimous suffrage of twelve men of his equals, indifferently chosen, and superior to all suspicion.

*Id.* at 523. We have never wavered from this position. Indeed, the majority recognizes that the Vermont Constitution guarantees the right to a jury composed of twelve jurors.

This right to twelve jurors is in sharp contrast to federal constitutional right to a jury under Sixth Amendment. In recent years, the United States Supreme Court has concluded that "the fact that the jury at common law was composed of precisely 12 is a historical accident, unnecessary to effect the purposes of the jury system and wholly without significance 'except to mystics.'" *Williams v. Florida*, 399 U.S. 78, 102 (1970). While the Supreme Court decisions are limited to state cases, other federal courts have applied this same holding to federal cases. See *United States v. Smith*, 789 F.2d 196, 205 (3d Cir. 1986); *United States v. Stratton*, 779 F.2d 820, 831 (2d Cir. 1985); *United States v. Gambino*, 598 F. Supp. 646, 658–61 (D.N.J.

1984). Thus, numerous federal precedents on which the majority relies are inapplicable to this case.

Although the Supreme Court may be correct that the common law reason for requiring twelve jurors has been lost over the years, there is no reason for Vermont to abandon its definition of a jury. The Vermont concept of a jury is deeply rooted in our heritage. Since this Court's holding in *Peterson* that a jury under the state constitution is composed of twelve members, the jury provision of Article 10 has been amended twice without any attempt to modify the common law definition. Hence, I believe it is clear that, despite changing interpretations of the federal Constitution, the Vermont Constitution still guarantees the right to a twelve person jury in criminal cases.

Thus, my first difference with the majority is that its holding is inconsistent with the plain meaning of the words in Article 10. The article provides the specific method for waiving a "jury trial." Since a jury trial is a trial with twelve jurors, consent to a proceeding with fewer than twelve jurors is, by definition, waiver of a "jury trial."

This interpretation has been reached in the other states with similar constitutional provisions—that is, where a "jury" is defined as twelve people, and there is a specific waiver provision. The only two states which meet these qualifications and have specifically addressed the issue of an eleven-person jury are Missouri and California. In both of these states, the courts have held that a defendant's consent to be tried by less than twelve persons must be as formal and complete as the consent to a trial by court. See *People v. Trejo*, 217 Cal. App. 3d Supp. 1026, 1032–33, 266 Cal. Rptr. 266, 270 (1990); *People v. Loving*, 67 Cal. App. 3d Supp. 12, 15–16, 136 Cal. Rptr. 851, 853 (1977); *State v. McGee*, 447 S.W.2d 270, 273 (Mo. 1969), *cert. denied, McGee v. Missouri*, 397 U.S. 1056 (1970). The Missouri Constitution states "that in every criminal case any defendant may, with the assent of the court, waive a jury trial and submit the trial of such case to the court." Mo. Const. art. I, § 22(a). The Missouri Supreme Court concluded that this constitutional provision means that in every criminal case the defendant may, with the assent of the trial court, waive a jury trial and submit the case to the court, *or* waive a jury of twelve and submit the case to a jury of less than twelve members. *McGee*, 447 S.W.2d at 273.

The court reasoned that in either situation the defendant was waiving his constitutional right to a jury, and therefore such a waiver must be accomplished pursuant to the constitutional requirements.

In a California case on facts nearly identical to those present in this case, the Court of Appeals stated that:

> [The] constitutional guarantee of the right to a jury trial is the right as it existed at common law at the time the constitution was adopted. The common law jury consisted of 12 persons. Thus, a defendant's consent to be tried by less than 12 persons must be as formal as a waiver of the entire jury.

*People v. Ames*, 52 Cal. App. 3d 389, 392, 124 Cal. Rptr. 894, 896 (1975) (citations omitted). The court reversed the conviction of a defendant who remained silent while her counsel agreed to continue the trial with eleven jurors because it found that the defendant did not *personally* waive her right to be tried by a jury of twelve.

The majority provides several reasons why the waiver of a twelve-member jury is not accorded the same constitutional significance as the waiver of a defendant's right to a trial by jury. I do not find them persuasive.

First, the majority's analysis of V.R.Cr.P. 23 is unhelpful to its conclusion that the Vermont Constitution does not require consent to a reduced number of jurors to meet the standards for waiver of a jury trial. Obviously, the substance of a criminal rule is not determinative on the meaning of the Vermont Constitution. I assume that the majority finds the rule helpful because it indicates a prior endorsement of this Court, which promulgated the rule, of the majority position. No such endorsement can be found in the rule.

As the majority concedes in footnote 4 of its opinion, the Reporter's Notes to Rule 23 are directly contrary to its position. The Notes state that although its language on consent to a smaller jury appears to apply to all cases, "it must be read as limited by the language of Ch. I, Art. 10, of the Vermont Constitution, . . . to trials of offenses not punishable by death or imprisonment in the state prison." They go on:

> A stipulation for a jury of less than twelve is pro tanto a waiver of the right to trial by jury. . . . Stipulations for juries of less than twelve are thus prohibited in Vermont except in cases where waiver is constitutionally permitted, unless the Vermont Court should follow the lead of the United States Supreme Court in re-examining and overruling such older decisions.

As the rule is interpreted by the Notes, in order to stipulate to a jury with less than twelve members, Rule 23 requires that the defendant waive his or her right to a trial by jury pursuant to Rule 23(a).

The majority's response to the Notes is that they are wrong,[2] but that response does not help the majority argument. The Notes, right or wrong, represent the understanding of the drafting committee—the equivalent of legislative history—when the rules were adopted. They show that the separate treatment of reduced-size-jury stipulations in V.R.Cr.P. 23(b) was not intended to suggest that such agreements are governed by different constitutional standards from jury trial waivers. The Court can now change the law, but it cannot rewrite the drafting history of the rule. There is, therefore, no prior Court endorsement of the position announced today in Criminal Rule 23. The adoption of the rule is either a prior endorsement of the position in this dissent or, more likely, no endorsement of any position.

The majority's position is not advanced by its arguments based on Fed. R. Crim. P. 23. Since the federal Constitution does not require a jury of twelve persons and provides no specific method for waiver of jury trial, the federal courts face fewer constraints on how jury trials may be waived and, as the 1983 Amendment to Federal Rule 23(b) provides, may allow fewer than twelve jurors, even without the consent of the defendant. Likewise, I find no relevance to cases from jurisdictions in which there is no constitutional right to a twelve-person jury or no specific waiver provision. As indicated above, the cases in states with constitutional provisions like ours are contrary to the majority position.

---

[2] As the Notes state, the Court should address the issue squarely and overrule the earlier cases, but it has failed to do so.

Finally, the majority's argument depends upon a comparison of the right to an impartial jury with the right to a jury of twelve members. This is a comparison of wholly different concepts. Defendant does not argue that an eleven-person jury is not impartial; rather, he claims that an eleven-person jury is not a jury at all. All our precedents support his position.

While I have grounded this dissent on the specific requirements of the Constitution, I must also indicate my concern that the majority has not required compliance with V.R.Cr.P. 23(b) and has not stated clearly what rule will govern in the future. Although Rule 23(b) clearly and specifically requires a written stipulation to allow for less than twelve jurors, there was no writing in this case. We have apparently abandoned the holding of *State v. Coita* that in view of the seriousness of the jury trial right, strict compliance with Rule 23 is required. The majority opinion gives no reason for authorizing noncompliance with the rule.

If there is a reason for allowing noncompliance with the rule, it apparently lies in the fact that the defendant heard the trial judge state that his lawyer had agreed to a jury of eleven persons and took no action. The opinion places continuing emphasis on this fact although it nowhere says it is determinative. If it is to be determinative, we should amend the rule rather than adding a new route to compliance by opinion. In any event, I find the burden placed on the defendant to be wholly unrealistic. In this case, the judge stated: "And the record will reflect that counsel have agreed to go with eleven jurors in this case, and that is what we do have at this particular time." Nowhere did the court instruct the defendant that he had a right to a twelve-member jury. Nor did the court ever specifically state that counsel *waived* the right to a twelve-member jury. There is no mention that the defendant ever consulted counsel, or that defendant knew that he had a constitutional right to a twelve-person jury. Under the majority's rule, defendant apparently can avoid his conduct (or absence of conduct) being considered a waiver only if he stands up and directly attacks the actions of his attorney in open court. I cannot imagine many defendants doing that, especially when they are ignorant of their rights and are relying on their attorney to protect them. The reality is that attaching significance to the defendant's silence turns over de-

fendant's personal right to decide on the composition of the jury to defendant's lawyer with a rationale that lets the Court act as if the defendant really made the decision. I dissent.